UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-341-MOC
(3:11-cr-258-MOC-DSC-2)

| | | |
|---|---|---|
| DARRYL BOOKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Pro se Motion Pursuant to Rule 60(b) and 60(d) of the Federal Rules of Civil Procedure. (Doc. No. 18).

On December 21, 2011, Petitioner pleaded guilty in this Court to conspiracy to interfere with commerce by threats or violence, in violation of 18 U.S.C. § 1951(a); conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; conspiracy to possess a firearm in furtherance of a crime of violence and drug trafficking offense, in violation of 18 U.S.C. § 924(o); possession of a firearm in furtherance of a drug trafficking crime or crime of violence, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Crim. Case No. 3:11-cr-258, Doc. No. 54: Acceptance and Entry of Guilty Plea; Doc. No. 94: Judgment).

On October 23, 2012, this Court sentenced Petitioner to 121 months in prison, followed by a mandatory consecutive term of 60 months, for a total of 181 months in prison. (Id., Doc. No. 94). Petitioner appealed, and on July 19, 2013, the Fourth Circuit Court of Appeals affirmed in an unpublished opinion. (Id., Doc. No. 129). On June 23, 2014, Petitioner filed the underlying

1

Section 2255 motion to vacate, alleging claims of ineffective assistance of counsel. (Doc. No. 1). On November 26, 2014, the Government filed a response in opposition to the motion to vacate. (Id., Doc. No. 9). On December 23, 2014, this Court denied and dismissed the motion to vacate on the merits. (Id., Doc. No. 10). Judgment was entered the same day, and Petitioner did not appeal. Instead, on January 8, 2015, Petitioner filed a motion for extension of time to file a Reply, which this Court denied on January 27, 2015. (Doc. Nos. 12; 13). On February 3, 2015, Petitioner filed a Reply, despite that this Court had denied Petitioner's motion for an extension of time to file a Reply. (Doc. No. 14).

About one and a half years later, on May 26, 2016, Petitioner filed a motion to amend and supplement, seeking relief under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). On June 21, 2016, this Court denied the motion as moot since judgment was already entered, and, alternatively, because Petitioner's attempt to raise a claim under Johnson constitutes an unauthorized successive petition.

On August 16, 2016, Petitioner filed a motion titled "Motion Pursuant to Rule 60(b) and 60(d) Independence Action," in which Petitioner contends that, in ruling on Petitioner's original, underlying motion to vacate, this Court did not consider the arguments made in Petitioner's Reply, submitted by Petitioner after judgment was entered denying the motion to vacate. Petitioner contends that this Court denied Petitioner's motion to vacate without considering the arguments made in Petitioner's Reply and the Court "procedurally erred by not considering the Petitioner's Reply to the Government's Response." (Doc. No. 18 at 1).

FED. R. CIV. P. 60(a) provides as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final

judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Subsection (c) of Rule 60 provides that "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c).

Petitioner's motion is denied. First, the Court finds that Petitioner did not file the pending Rule 60(b) motion within a reasonable time following the Court's denial of the motion to vacate. In any event, it is well settled that a petitioner does not have the absolute right to file a Reply under the Rules Governing 2255 Petitions. Pursuant to Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he moving party may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." (emphasis added). Whether to allow the petitioner to file a Reply is within the Court's discretion. See United States v. McElrath, Crim. No. 03-235(JNE), Civ. No. 08-5291(JNE), 2009 WL 1657453, at *2 (D. Minn. June 11, 2009); United States v. Crittenton, Crim. No. 03-349-2, 2008 WL 343106, at *2 (E.D. Pa. Feb. 7, 2008) ("No court has held that Rule 5(d) [of the Rules Governing Section 2255 Proceedings] entitles a petitioner to submit a reply under all circumstances. When a court does not request, permit, or require the additional argument that would be contained in a

reply brief, § 2255 petitioners are not prejudiced by denial of an opportunity to file such a reply brief."). Thus, this Court was not required to allow Petitioner to file a Reply before adjudicating the motion to vacate. Moreover, Petitioner has not shown how he was prejudiced by the Court's ruling on the motion to vacate without considering the arguments made in Petitioner's Reply. For all of these reasons, Petitioner's Rule 60 motion is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion Pursuant to Rule 60(b) and 60(d), (Doc. No. 18), is **DENIED**.

Signed: August 23, 2016

Max O. Cogburn Jr
United States District Judge